

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 28, 1947

Honorable Jim D. Bowmer,            Opinion V-278
County Attorney,
Bell County,                        Re: Eligibility of Per-
Belton, Texas                           sons convicted of
                                        Federal felony to
                                        qualify as trustee
                                        of common school
Dear Sir:                               district.

        We refer to your letter of recent date ac-
knowledged by the Attorney General on June 16, 1947,
wherein you request an opinion of this office concern-
ing the eligibility of a person to be a trustee of a
common school district who has been convicted of a Fed-
eral felony.

        In your letter and excellent brief thereon,
you present, in substance, the following facts:

        A person was elected trustee of a
    common school district who was convicted
    and sentenced by a Federal District Court
    on three counts each of which is made a
    felony by Title 26, Section 2803, 2810
    and 2856, U.S.C.A., the Federal Liquor
    Taxing Act, served four months in a Fed-
    eral prison and who paid $600.00 in fines
    pursuant to such sentence. On two of the
    counts he could have been confined a max-
    imum of two years; on the third count, a
    maximum of five years.

        Title 18, Section 541, U.S.C.A., de-
    fines "felony" as an offense which may be
    punished by death or imprisonment for a
    term exceeding one year.

        Article 2745, Section 1, V. C. S., provid-
ing for the election of trustees of common school dis-
tricts and for their qualifications reads, in part:

        ". . . Providing no person shall be quali-
    fied as trustee unless he is a property

Honorable Jim D. Bowmer - Page 2

taxpayer in the district to which he is
elected and otherwise a qualified voter
in such district. . . All vacancies shall
be filled by the county board of trustees
for the remainder of the term in which
the vacancy occurs. . .."

Article VI, Section 1, Constitution of Texas,
provides:

"The following classes of persons
shall not be allowed to vote in this
State, to-wit;

". . .

"Fourth: All persons convicted of
any felony, subject to such exceptions as
the Legislature shall make."

Article 2954, V. C. S., provides in part:

"The following classes of persons
shall not be entitled to vote in this
State:

". . .

"4. All persons convicted of any
felony, except those restored to full cit-
izenship and right of suffrage, or pardon-
ed."

In accordance with the provisions of Arti-
cle 2745, Section 1, unless the person is a qualified
voter in the district, he is not eligible or qualified
as a trustee of a common school district; and Article
VI, Section 1 of the Constitution provides, in substance,
that all persons convicted of any felony shall not be al-
lowed to vote in this State subject to such exceptions
as the Legislature shall make. The Legislature has made
an exception in Article 2954 which provides, in substance,
that those persons convicted of any felony who have been
restored to full citizenship and right of suffrage, or
pardoned, do not fall within the prohibitions of Article
VI, Section 1 of the Constitution.

Should the above cited Texas laws incorpor-
ating the language, "convicted of any felony", be con-

strued to disfranchise also those persons who have been convicted of a Federal felony as well as those persons who have been convicted of an offense defined as a felony in the Texas laws? We think they should be so construed. We cannot subscribe to the proposition that the framers of our Constitution intended a thing so anomalous, illogical and unjust as to say that those guilty of certain crimes against the laws of the United States and sister States are eligible or qualified to vote in Texas, while those guilty of certain crimes against the laws of this state are ineligible.

In Harwell vs. Morris, 143 S. W. (2d) 809, an election contest case decided by the Amarillo Court of Civil Appeals, wherein it was proven that a person was convicted in a Federal court for violation of the Harrison Narcotic Act, and his punishment was assessed at six months in jail which was suspended for two years, it was held that such person was not qualified to vote in the primary election because under the provisions of the applicable Federal law he could have been confined in the Federal penitentiary by the Federal court. The punishment actually assessed by the court upon a trial does not control the class of the offense. R. M. Gordon vs. State, 135 Tex. Crim. Rep., 438; Attorney General's Opinion No. 0-4121.

In several other States which have constitutional and statutory provisions similar to the Texas laws herein quoted under Article VI, Section 1 of the Constitution, and Article 2954, it has been held that a conviction of a felony in a Federal court, or a court of another State or country, renders that person convicted ineligible or disqualifies him to vote in elections held in the State. See citations in 149 A.L.R. 1075.

Accordingly, it is our opinion, that a person who has been convicted of a Federal felony whereby he is deprived of his right to vote under Article VI, Section 1, Constitution of Texas, and Article 2954, V. C. S., is ineligible or disqualified to serve as trustee of a common school district by reason of the provisions of Article 2745, Section 1, V. C. S., unless and until he has been restored to full citizenship and right of suffrage, or pardoned.

## SUMMARY

By virtue of the provisions of Article 2745, Section 1, Article 2954, V. C. S., and Article VI. Section 1, Constitution of Texas, a person who has been convicted of a felony, Federal or State, is ineligible or not qualified to serve as trustee of a common school district unless and until he has been restored to full citizenship and right of suffrage, or pardoned.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Chester T. Ollison*

Chester E. Ollison
Assistant

CEO:WB

APPROVED:

*Price Daniel*
ATTORNEY GENERAL